FILED

JUL 1 2 2011 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois

|  |  |
|---|---|
| Jasmine Jimenez, | ) |
| Denise Rotheimer | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| State of Illinois, | ) |
| Lake County State's Attorney's Office, | ) |
| Laura Horner, Assistant State's Attorney, | ) |
| Michael J. Waller, State's Attorney | ) |
| Defendant |  |

11cv4707
Judge John W. Darrah
Magistrate Geraldine Soat Brown

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

This is a claim for violation of plaintiff's civil rights as protect by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

In September 20, 2002, the Plaintiff, Jasmine Jimenez entered the criminal justice system at the age of 12-years-old, as a crime victim of Predatory Criminal Sexual Assault. Plaintiff alleges, throughout the criminal justice proceedings, the Defendants, Laura Horner and Michael J. Waller, acting under color of law deprived Jimenez and her mother, Denise Rotheimer of their rights under the Illinois Constitution, Article 1, Section 8.1 (a) Crime Victims' Rights Act and Rights of Crime Victims and Witnesses Act, 720 ILCS 120/4, 4.5, and 6.

Plaintiff further alleges in November 2002, Jasmine Jimenez and Denise Rotheimer met with Defendant, A.S.A. Laura Horner at the Lake County State's Attorneys Office in Waukegan, IL. Due to the adversarial position of the prosecutor during this meeting, Rotheimer asked Horner if she could hire an attorney to represent her daughter, Jasmine Jimenez throughout the criminal

justice proceedings. Horner informed Rotheimer that she could only hire a private attorney to represent herself in a civil matter, not in a criminal court of law.

On February 18, 2003, Rotheimer was informed by the defense attorney, on the day of the scheduled court proceeding at the 19th Judicial Court House of Lake County, in the case PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, -vs- MICHAEL DESARIO, Defendant, that Horner agreed to enter into a plea deal with the defense for the minimum sentence of six years. In the presence of her mother and father, Rotheimer confronted Horner and asked why she accepted the minimum sentence of six years. Horner replied, "You're not a lawyer, I don't have to explain the law to you." Upon returning to the courtroom, Rotheimer asked the bailiff to inform the judge that she disagreed with the minimum sentence. After, the Honorable Judge Mary S. Schostok called the case and Horner made her factual basis, the bailiff, at Rotheimer's prior urging informed the judge that she disagreed with the six-year minimum sentence. Judge Schostok called Rotheimer to the bench and asked if she disagreed with the six-year sentence. Rotheimer briefly informed the judge of the legal definition of penetration concerning minors under 13 to support her opposition of the minimum sentence, at which point Horner interjected and said, "But Judge the victim [Jasmine Jimenez] has issues." Based on the facts that Rotheimer disclosed of vaginal penetration, Judge Schostok refused to accept the plea deal and called a 402 b meeting with both attorneys in chambers. Upon their return to the courtroom, the judge directed her attention toward the defendant and said, "Mr. DeSario, that it is incumbent upon the adults that when a child is in the room, and even if that child may make a step towards you or make you feel like they want to do something inappropriate, you're the adult. It's incumbent upon you to step back and say this isn't right; I'm not going to do this. *I had this discussion with the attorneys in the 402 conference*" (bold and italicized for emphasis). After she carefully and tediously went over all the defendant's rights to make sure he understood everything and that he had been informed of all his rights, the judge sentenced DeSario to 7-1/2 years with six months credit for time served.

Soon after the disposition of the criminal case, Rotheimer met with a private attorney to retain legal counsel to hold Horner liable in civil court for defaming her daughter and omitting facts of the case that would have imposed a stiffer sentence. On February 25, 2003, the private attorney

contacted Rotheimer on the telephone and informed her that she does not have standing due to a provision under Section 9 of the state statute which does not grant her a cause of action for damages. The private attorney then faxed Rotheimer a copy of the Rights of Crime Victims and Witnesses Act for her review. Upon receipt of the fax, Rotheimer had first become aware of the rights she and her daughter, Jimenez were afforded under the law as crime victims that were denied by A.S.A. Horner. As a result of defendant's conduct, plaintiff was injured as follows: Jimenez and Rotheimer were deprived of their rights to make a *victim impact* statement and hire an attorney to represent them as though they were a named party in the criminal case at their expense.

On April 15, 2009, convicted child sex offender, DeSario was again placed in the custody of the Department of Corrections at Statesville less than two months after he was released on parole from Dixon Correctional Center on February 18, 2009. The following day, Rotheimer learned of DeSario's arrest and contacted Lake County State's Attorneys Office for information on the charge. On April 23, 2009 Rotheimer personally visited the State's Attorneys Office to request information on the charge against her daughter's rapist because she was unable to receive a returned phone call from the Assistant State's Attorney handling the case. While Rotheimer spoke to the receptionist and asked if she could speak with the Assistant State's Attorney handling the case, State's Attorney Michael Waller entered the room and instructed the receptionist that "no one was to speak with her," (meaning Rotheimer). Rotheimer responded, "I am a crime victim. I have the right to information on this case." State's Attorney Waller replied, "Be Gone!"

On May 11, 2009, Rotheimer received a letter from the Attorney Registration and Disciplinary Commission (ARDC) in response to her complaint against State's Attorney Michael Waller for depriving Jimenez and Rotheimer of their Constitutional rights as crime victims to be treated with fairness and respect for their dignity … throughout the criminal justice process, the right to notification of court proceedings, **the right to communicate with the prosecution**, the right to make a statement to the court at sentencing, and the right to information about the conviction, sentence, imprisonment and release of the accused. The ARDC's letter states, "This Commission

does not interpret or enforce the Rights of Crime Victims and Witnesses Act, and we cannot direct Mr. Waller to take or refrain from taking any particular action."

Plaintiffs allege, State's Attorney Michael J. Waller, acting under color of law, deprived Jimenez and Rotheimer of their rights as crime victims under the IL Constitution of 1970 Article 1, Section 8.1(a) and Rights of Crime Victims and Witnesses Act, 720 ILCS 120/4, 4.5, 6.

On May 29, 2009, Rotheimer received a letter from the Lake County State's Attorneys Office which states, "DeSario was violated by his parole officer based on adult pornography that was found on a computer within the home in which he was living." Furthermore, the letter states, "DeSario was **not** placed in the custody of the Illinois Department of Corrections at Statesville as a result of an arrest for a new offense." Upon receipt of this letter, the case against DeSario had already been closed. As a result of Defendant, State's Attorney Michael Waller's conduct, plaintiffs were injured as follows: Jimenez and Rotheimer were excluded from participating in the criminal justice system; were denied their IL Constitutional rights to information and all other rights as previously stated, and neither plaintiff was able to assert her rights to present or write a victim impact statement for inclusion in the case.

Even though the IL Constitution of 1970 Article 1, Section 8.1 states, "Crime victims, as defined by law, **shall** have the following [10] rights as provided by law," (bold added for emphasis) the rights that are afforded to victims of violent crime under the IL Constitution and state statute remain unenforceable and do not grant victims a remedy to file a redress for their grievances when those rights are violated or denied. Since, Section 8.1 (d) of the Crime Victims' Rights Act and 120/9 of the Rights of Crime Victims and Witnesses Act denies the Petitioner's appellate relief and a cause of action for damages or attorneys fees it violates the Petitioner's Fourteenth amendment right to due process and equal protection of the law.

The Supreme Court deemed, as early as 1863, "That parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must be notified. *Baldwin v. Hale* 68 U.S. (I Wall.) 531, 534 (1864). It should be noted that the Court deemed the right to notice and hearing so fundamental a part of American jurisprudence that it could make this

statement before due process as a concept, had been incorporated into the Constitution in the fourteenth amendment. The conceptual line of authority thus actually antedates the due process clause itself."

Furthermore, 42 U.S.C. § 1983 (1970) which provides: **Every person who, under color of any statute**, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or **causes to be subjected, any citizen of the United States** or other person within the jurisdiction thereof **to the deprivation of any rights**, privileges, or immunity **secured by the Constitution and laws, <u>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress</u>** (bold and underscore added for emphasis).

Once the State of Illinois declared rights to crime victims, the rights of crime victims may not be denied without **fair procedure** for the action. Chief Justice Warren looked to the language of the Constitution to declare that "liberty under law extended to the full range of conduct that an individual is free to pursue. The government cannot restrict this liberty unless it has a proper governmental objective." 347 U.S. 497; 74 S.Ct. 693 (1954). Furthermore, Justice Black noted that in *Grosjean v. American Press Co.* (1936) the Court upheld the principle that fundamental rights should be safeguarded against state action: "We concluded that certain fundamental rights, safeguarded by the first eight amendments against federal action were also safeguarded against state action by the due process of law clause of the Fourteenth Amendment..."

The Fourteenth amendment protects the Plaintiff's equal protection of law under the Illinois Constitution of 1970, Article 1, Section 2 "That no person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws," and section 12 "That every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly."

WHEREFORE, plaintiffs ask for the following relief:
A. Declare the provisions under Article 1, Section 8.1 (d) of the Crime Victims' Rights Act and 720 ILCS 120/9 of the Rights of Crime Victims and Witnesses Act which deprives crime victims

of the right to appellate relief and a cause of action for damages or attorney's fees in violation of the plaintiff's federally protected rights under the Fourteenth amendment, Section 1 "That **no state** shall deprive **any person** of life, liberty, or property, **without due process of law; nor deny to any person** within its jurisdiction **the equal protection of the laws**" (bold added for emphasis.)

B. Order the Lake County State's Attorney's Office to include a victim impact statement that will be written by Plaintiffs, Jimenez and Rotheimer to become part of the permanent file in the Circuit of Court of the 19th Judicial Circuit Lake County, Illinois, Case No. 02 CF 3630, PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, -vs- MICHAEL DESARIO, Defendant, as a matter of right and remedy.

Plaintiff's signature: _Jasmine Jimenez_

Plaintiff's name: _Jasmine Jimenez_

Address: _34955 N. Augustana Ave_

City _Ingleside_ State _IL_ ZIP _60041_

Plaintiff's signature: _Denise Rotheimer_

Plaintiff's name: _Denise Rotheimer_

Address: _34955 N. Augustana_

City _Ingleside_ State _Illinois_ ZIP _60041_