

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASMINE JIMENEZ and )
DENISE ROTHEIMER, )
 )
 Plaintiffs, )
 )
 v. ) Case No. 11-cv-4707
 )
STATE OF ILLINOIS; ) Judge John W. Darrah
MICHAEL J. WALLER, Lake County )
State's Attorney; and )
LAURA HORNER, Lake County )
Assistant State's Attorney, )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants State of Illinois, Lake County State's Attorney Michael J. Waller, and Lake County Assistant State's Attorney Laura Horner move to dismiss Plaintiffs Jasmine Jimenez's and Denise Rotheimer's Complaint for Violation of Constitutional Rights for lack of subject-matter jurisdiction and for failure to state a cause of action against them, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' Motions to Dismiss are granted based on the reasons presented below.

### BACKGROUND

*Pro se* Plaintiffs Denise Rotheimer ("Rotheimer") and her daughter, Jasmine Jimenez ("Jimenez"), filed suit against Defendants, alleging civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986. (Compl. ¶ 1). Plaintiffs also appear to allege their Fourteenth Amendment equal protection rights were violated. (Compl. ¶ 15).

According to Plaintiffs' Complaint, Michael Desario ("Desario") pled guilty in a criminal sexual assault case in the Nineteenth Judicial Circuit Court of Lake County, Illinois, on February 18, 2003. (Compl. ¶ 5). The victim of Desario's sexual assault was Plaintiff Jimenez, who was a minor at the time of the incident. *Id.* Desario was sentenced on February 18, 2003, pursuant to a plea agreement. During his sentencing, Plaintiff Rotheimer requested and was granted the right to address the court, indicating she disagreed with Desario's proposed sentence and providing additional details about her daughter's sexual assault. (Compl. ¶ 7). After Plaintiff Rotheimer made her statement to the court, Desario was sentenced to seven-and-a-half years with six months credit for time served. *Id.* Desario was released from prison on February 18, 2009. (Compl. ¶ 7). Less than two months after his release, Desario was apparently arrested again for violating his parole, but was not placed in custody. (Compl. ¶ 10). Plaintiffs allege Defendants Horner and Waller prevented Plaintiffs from being afforded certain rights under Illinois law, namely: the right to make victim-impact statements at Desario's sentencing and the right to hire a private attorney to represent them during the legal proceedings involving Desario. (Compl. ¶ 4). Plaintiffs also believe their rights were violated because they were unable to make victim-impact statements relating to Desario's new offense, despite the fact that neither Plaintiff was a victim of Desario's parole violation offense. (Compl. ¶ 9).

In addition to seeking relief under 42 U.S.C. §§ 1983, 1985, and 1986, Plaintiffs implore the Court to declare "Article 1, Section 8.1(d) of the [Illinois] Crime Victim's Rights Act and 720 ICLS 120/9 of the Rights of Crime Victims and Witnesses Act" in

violation of the Fourteenth Amendment's guarantee of due process and equal protection. (Compl. ¶ 16). Plaintiffs also ask the Court to order the Lake County State's Attorney's Office to submit a victim-impact statement to be included in Desario's criminal record. (Compl. ¶ 17).

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal,* 129 S. Ct. at 1949.

The Federal Rules further permit a defendant to move to dismiss a claim if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 129 S.Ct. at 1939. A threadbare statement of a claim supported by a conclusory statement is insufficient. *Iqbal,* 129 U.S. at 1939 (citing *Twombly,* 550 U.S. at 555).

Federal Rule 12(b)(1) also permits a defendant to move for dismissal of a claim where there is a lack of subject-matter jurisdiction. Surviving a Rule 12(b)(1) motion to dismiss is more difficult than a 12(b)(6) motion, as the plaintiff bears the burden of proving the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). A motion under Rule 12(b)(1) can also seek to dismiss a claim for lack of standing. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). As with motions to dismiss under Rule 12(b)(6), the Court must accept all material allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff when ruling on a motion to dismiss for lack of standing. *Id.* The plaintiff is required to show it meets all the elements necessary for standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (*Lujan*). "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (*Apex*) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

## ANALYSIS

*Defendants' Motions to Dismiss under Federal Rule 12(b)(1)*

Defendant State of Illinois and Defendants Waller and Horner move to dismiss Plaintiffs' Complaint under Rule 12(b)(1). Defendants first allege Rotheimer lacks the standing to bring the claims alleged in Plaintiffs' Complaint. Defendants further move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) because subject-matter jurisdiction would not exist in this case as Defendants are shielded by the Eleventh Amendment.

## Plaintiff Rotheimer Lacks Standing

The issue of standing is a threshold question; standing is an essential element to the case-or-controversy requirement establishing federal jurisdiction. *See Apex*, 572 F.3d at 443. The constitutional requirement of standing has three elements. *Lujan*, 504 U.S. at 560. First, Rotheimer must have sustained an actual injury in fact, affecting her in a personal way. *Id.* Second, Rotheimer must be able to show a causal link between her alleged injury and the conduct she accuses Defendants of performing. *Id.* Finally, it must be probable that Rotheimer's injury would be redressed by a favorable decision by the Court. *Lujan*, 504 U.S. at 561 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

Rotheimer fails to meet the initial requirement of having an actual injury and thereby does not have standing in this case. Rotheimer alleges a violation of her rights under the Rights of Crime Victims and Witnesses Act, 725 ILCS 120/1 *et seq*. The Illinois Constitution enumerates ten specific rights granted to *victims* of crimes, including "[t]he right to make a statement to the court at sentencing." Ill. Const. art. 1, § 8.1(a)(4). For purposes of the Rights of Crime Victims and Witnesses Act, a victim is defined as:

> 1) a person physically injured in this State as a result of a violent crime perpetrated or attempted against that person or (2) a person who suffers injury to or loss of property as a result of a violent crime perpetrated or attempted against that person or (3) a single representative who may be the spouse, parent, child or sibling of a person killed as a result of a violent crime perpetrated against the person killed or the spouse, parent, child or sibling of any person granted rights under this Act who is physically or mentally incapable of exercising such rights, except where the spouse, parent, child or sibling is also the defendant or prisoner or (4) any person against whom a violent crime has been committed or (5) any person who has suffered personal injury as a result of a violation of Section 11-501 of the Illinois Vehicle Code, or of a similar provision of a

> local ordinance, or of Section 9-3 of the Criminal Code of 1961, as amended or (6) in proceedings under the Juvenile Court Act of 1987, both parents, legal guardians, foster parents, or a single adult representative of a minor or disabled person who is a crime victim.

725 ILCS 120/3 (a). The Rights of Crime Victims and Witnesses Act further permits the *victim* of a crime to "prepare a victim impact statement and present it to the Office of the State's Attorney at any time during the proceedings." 725 ILCS 120/6(b). These statements are considered by the court when determining aggravating and mitigating factors in plea proceedings. *Id.* However, Rotheimer fails to meet any definition of a crime victim under this Act. Rotheimer is the victim's mother: she was not the victim in the 2002 sexual assault case against Desario, and she was not the victim of Desario's alleged parole violation in 2009. Therefore, Rotheimer had no right under the Illinois Constitution or the Rights of Crime Victims and Witnesses Act to make a statement at Desario's sentencing or during his 2009 parole proceedings.

The Rights of Crime Victims and Witnesses Act permits the parent of a violent-crime victim to address the court at a sentencing hearing. *See* 725 ILCS 120/6(a). Rotheimer invoked this right and addressed the court at Desario's sentencing, explaining she disagreed with the original negotiated sentence. Compl. ¶ 5. Rotheimer cannot claim injury where she was granted her right as the parent of a crime victim to address the court at sentencing pursuant to 725 ILCS 120/6(a).

Plaintiffs argue, in their response, Jimenez was "mentally incapable of exercising her rights" under the Rights of Crime Victims and Witnesses Act because she was a minor. Resp. ¶ 1(I). However, this statute does not provide Jimenez was mentally incapable of exercising her rights simply because she was a minor. *See People v.*

*Johnson*, 318 Ill.App.3d 281, 291 (1st Dist. 2000). Rather, if the minor has the ability to exercise her right, she does not need her mother to exercise the right for her. *See id.* Furthermore, Plaintiffs' Complaint alleges Jimenez was deprived of her right to make a statement; thus, Plaintiffs concede Jimenez *was* capable of exercising her rights under the Rights of Crime Victims and Witnesses Act.

Rotheimer cannot claim she was injured by denial of an opportunity to make a victim-impact statement; under the Illinois Constitution and the Rights of Crime Victims and Witnesses Act, Rotheimer did not have this right. She was granted her right to make her statement as the parent of a violent-crime victim, and she exercised that right. Rotheimer can show no particularized, actual injury; thus, Rotheimer lacks standing. Without standing, no subject-matter jurisdiction exists over Rotheimer's claims; and her claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### The Eleventh Amendment Shield

Even if Rotheimer was able to prove she had standing to pursue her claims, Defendants are immune from Plaintiffs' claims under the Eleventh Amendment. The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

The Eleventh Amendment bars suits brought by individuals against a state in federal court. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984). This jurisdictional bar has two exceptions: a state can consent to a suit, and Congress

may abrogate immunity in the drafting of a federal law. *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). The State of Illinois has not consented to suit in this case. Furthermore, Plaintiffs assert a claim under Section 1983. Section 1983 governs civil actions involving the deprivation of a party's rights, privileges and immunities under state and federal law. *See* 42 U.S.C. § 1983. The Supreme Court has held Section 1983 is *not* an exception to state sovereign immunity. *Quern v. Jordan,* 440 U.S. 332, 342 (1979). Plaintiffs further assert claims under Sections 1985 and 1986. Section 1985 governs conspiracies to interfere with civil rights and Section 1986 is a companion statute to Section 1985, establishing liability where a party neglects to prevent a violation of Section 1985. 42 U.S.C. §§ 1985-86. The claims under Sections 1985 and 1986 are also not exceptions to state sovereign immunity, as these laws were not intended to abrogate a state's Eleventh Amendment immunity. *See Rucker v. Higher Educational Aids Bd.,* 669 F.2d 1179, 1184 (7th Cir. 1982). Since neither exception to Eleventh Amendment immunity is applicable, the State of Illinois has immunity in this case, and Plaintiffs' claims against the State of Illinois are dismissed under Federal Rule 12(b)(1).

Plaintiffs' claims against Defendants Waller and Horner also fail to establish subject-matter jurisdiction as both, in their professional capacities, have immunity under the Eleventh Amendment. "The Eleventh Amendment prohibits courts from deciding suits brought by private litigants against states or their agencies." *Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 265 (7th Cir. 1999) (quoting *Garcia v. City of Chicago,* 24 F.3d 966, 969 (7th Cir. 1994)). State's Attorneys in Illinois are considered state officials. *Id.* Similarly, Assistant State's Attorneys are also considered state officials. *See*

*Manos v. Caira*, 162 F.Supp.2d 979, 987 (N.D.Ill. 2001). The Eleventh Amendment provides immunity to state officials, acting in their official capacities; federal courts are prohibited from deciding suits brought by private citizens against state agencies and their officials. *See Will v. Michigan Dept. of State of Police*, 491 U.S. 58, 61 (1989). For the same reasoning that the State of Illinois is immune to Plaintiffs' claims, Defendants Waller and Horner are also immune.

Defendants have immunity under the Eleventh Amendment and Plaintiffs may not sue the State of Illinois or Defendants Waller or Horner in their official capacities. The claims against these Defendants are dismissed under Federal Rule of Civil Procedure 12(b)(1), as jurisdiction against the Defendants cannot be established.

*Defendants' Motions to Dismiss Under Federal Rule 12(b)(6)*

Statute of Limitations

Even if jurisdiction could be established, Plaintiffs' claims are dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs' Complaint is time-barred by the applicable statute of limitations.

"While a statute-of-limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011). A statute-of-limitations defense is appropriate in a 12(b)(6) motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely

under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). According to Plaintiffs' Complaint, the alleged injuries occurred on February 18, 2003, when Desario was sentenced, and on May 29, 2009, when the State's Attorney's Office informed Plaintiff Rotheimer that Desario's criminal case was closed. Compl. ¶¶ 5, 10. Even if Plaintiffs' allegations that they were not afforded their rights under Illinois victims' laws were actionable, and federal jurisdiction existed, these claims would be barred by the two-year statute of limitations. Plaintiffs filed their Complaint on July 12, 2011, after more than two years had elapsed since the dates of their alleged injuries.

Section 1983 does not have an explicit statute of limitations, but actions filed under Section 1983 may still be time-barred. To determine the appropriate statute of limitations for a Section 1983 claim, a federal court adopts the forum state's personal-injury-action statute of limitations. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (*Ashafa*). Illinois law provides that the statute of limitations for a personal-injury action is two years. 735 ILCS 5/13-202. Thus, the proper statute of limitations for a Section 1983 case filed in Illinois is two years. *Ashafa*, 146 F.3d at 461. As Plaintiffs' alleged injuries occurred on February 18, 2003, and May 29, 2009, their claims brought on July 12, 2011, are barred by the Illinois statute of limitations for personal injuries.

## CONCLUSION

For the reasons set forth above, the Defendants' Motions to Dismiss are granted; Plaintiffs' Complaint is dismissed without prejudice.

Date: 1/08/11

JOHN W. DARRAH
United States District Court Judge