# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-4707 | **DATE** | 3/9/12 |
| **CASE TITLE** | Jimenez, et al. v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Amended Complaint is dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3), as Plaintiffs are unable to demonstrate a basis for this Court's subject-matter jurisdiction over the Complaint. See statement below. No appearance necessary on March 21, 2012.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs' Complaint was dismissed on January 18, 2012, after the Court granted Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After this ruling was entered, Plaintiffs, proceeding *pro se*, filed an Amended Complaint, naming only Defendants Waller and Horner, Lake County State's Attorney and Lake County Assistant State's Attorney, respectively. In their Amended Complaint, which also includes argument that appears to be a rebuttal to the Court's previously issued opinion, Plaintiffs seek both declaratory and injunctive relief. (Am. Compl. ¶¶ 1-2.) While it is not entirely clear from the Amended Complaint what actual injury they sustained, Plaintiffs claim Defendants Waller and Horner violated the rights afforded to Plaintiffs under the Illinois Rights of Crime Victims and Witnesses Act, 725 ILCS 120/9, because they did not present the Circuit Court with a victim-impact statement in the criminal case of Michael DeSario in violation of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983. DeSario was convicted of sexually assaulting Plaintiff Jimenez, then a minor. Plaintiff Rotheimer is the mother of Plaintiff Jimenez.

Plaintiffs are unable to assert subject-matter jurisdiction in this matter because they fail to state a claim involving the violation of a federal law. Plaintiffs are unable to state a cause of action alleging a life, liberty, or property interest entitling Plaintiffs to constitutional protection under the Fourteenth Amendment. Plaintiffs have not identified any federally protected rights that exist in the context of a victim's rights in a criminal proceeding.

To allege a claim under Section 1983, a plaintiff must allege: (1) she was deprived of a federally guaranteed right; and (2) the deprivation occurred under the color of state law. *See* 42 U.S.C. § 1983; *Burrell v. City of Matoon*, 378 F.3d 642, 647 (7th Cir. 2004). Plaintiffs allege they were deprived of substantive due process as crime victims. To be entitled to substantive due process, a plaintiff must "establish the existence of a liberty interest or a property interest." *Smith v. Board of Educ. of City of Chicago*, 853 F.2d 517, 518 (7th Cir. 1988). A liberty interest protects a person's interest in freedom from physical restraint. *See McGee*

*v. Bartow*, 593 F.3d 556, 569 (7th Cir. 2010) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Plaintiffs do not allege any such liberty interest in their Amended Complaint.

Nor do Plaintiffs allege a property interest that would implicate an impingement of their due-process rights. "State law defines the property interest, and federal law defines the process that is due." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 494 (7th Cir. 2010) (citing *Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007) (*Goros*)). State-law claims are not permitted "to be litigated in federal court just because the defendant is a state actor and the plaintiff takes care to assert that state law creates a 'property interest.'" *Goros*, 489 F.3d at 859. The Illinois Rights of Crime Victims and Witnesses Act does not create a property interest warranting protection of federal due process, therefore, Plaintiffs cannot allege the deprivation of a constitutionally protected right. Thus, Plaintiffs' Amended Complaint must be dismissed for lack of subject-matter jurisdiction. *See Goros*, 489 F.3d at 860 (providing "some theories are such piffle that they fail even to make out claims arising under federal law, and these must be dismissed for want of jurisdiction").

Plaintiffs cannot allege a violation of a federally guaranteed right, nor can they show a violation of federal law. Because this action fails to arise under federal law, this Court does not have jurisdiction over the action. Therefore, this case is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Furthermore, Plaintiffs allege no new facts which would rebut the previous finding of the Plaintiffs' claims' being time-barred. Plaintiffs' Amended Complaint is dismissed with prejudice.